# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

<table>
<tr><td>

ELIEZER BRODY, *individually and on behalf of all others similarly situated*,

Plaintiff,

-v.-

FRONTLINE ASSET STRATEGIES, LLC,

Defendant(s).

</td><td>

Civil Action No: 1:23-cv-8625

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

</td></tr>
</table>

Plaintiff Eliezer Brody (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Frontline Asset Strategies, LLC, (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

6.      Plaintiff is a resident of the State of New York, County of Kings.

7.      Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

8.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA, who's registered agent in New York is Corporation Service Company, located at 80 State Street, Albany, NY, 12207.

9.      Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of:

    a.  all individuals with addresses in the State of New York;

    b.   to whom Defendant sent collection letters attempting to collect a consumer debt;

    c.  on behalf of T-Mobile USA;

    d.  where Defendant sent at least two initial validation letters for one debt;

    e.  that contained different account numbers identifying the debt as well as different itemization dates;

    f.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12.     The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13.     Excluded from the class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.     There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The

principal issue is whether the Defendant's communications to consumers, similar in forms to those attached as Exhibit A and Exhibit B, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

15.    Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

16.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

a.    **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

b.    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers after creating a payment plan, in the forms attached as Exhibit A and Exhibit B, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c.    **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **<u>FACTUAL ALLEGATIONS</u>**

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.     Sometime prior to May 23, 2022, Plaintiff allegedly incurred a debt with T-Mobile USA (hereinafter, "TMU").

21.     The alleged debt was incurred solely for personal, household or family purposes.

22.     The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     TMU is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

24.     Upon information and belief, TMU contracted with Defendant for the purpose of collecting this debt.

25.     Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – August 31, 2022 and March 6, 2023 Letters*

27.     On or about August 31, 2022, Defendant sent Plaintiff a collection letter (the "First Letter") regarding the alleged debt owed to TMU.  A true and correct copy of Defendant's August 31, 2022 letter is attached to this complaint as **Exhibit A**.

28.     Defendant's First Letter was Defendant's initial communication with Plaintiff with respect to the debt.

29.     Defendant's First Letter contained a reference number ending with 3528.

30.     Defendant's First Letter referred to an itemization date of August 24, 2022.

31.     Defendant's First Letter also contained the notices (the G-Notice) required in an initial communication by 15 U.S.C. § 1692g(a).

32.     In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated March 6, 2023 (the "Second Letter"). A true and correct copy of Defendant's March 6, 2023 letter is attached to this complaint as **Exhibit B**.

33.     Defendant's Second Letter contained a reference number ending with 6402.

34.     Defendant's Second letter referred to an itemization date of May 23, 2022.

35.     Defendant's Second Letter also contained another statement of the notices required in an initial communication by 15 U.S.C. § 1692g(a).

36.     The Letters do not explain the change in the account number and itemization dates and led the Plaintiff to believe these were two distinct debt that he owed.

37.     Furthermore the itemization date on the second letter pre dates the itemization date on the first letter which would mean that at least one of these was the improper itemization date.

38.     Among the rights provided by 15 U.S.C. § 1692g(a) is a 30-day period from the consumer's receipt of the initial communication in which the consumer may dispute the debt or request verification.

39.     The consumer must dispute the debt within 30 days from their receipt of the initial communication in order for the FDCPA to require the debt collector to obtain and send the consumer verification prior to continuing collection efforts.

40.     If the consumer disputes the debt after the 30-day period from the initial communication has expired, the debt collector is not required to send the consumer verification.

41.     By stating that the consumer has an additional 30-day period in which he or she may dispute the debt, which is not accurate per the 15 U.S.C. § 1692g(a), Defendant's Second Letter is misleading or may confuse the consumer as to his or her rights.

42.     For example, the unsophisticated debtor could be unsure whether the debt is already assumed to valid since they did not respond to the first letter, or whether the 30-day period has started from the date of the First Letter or the Second Letter.

43.     Moreover, the Second Letter is deceptive and misleading because Defendant never had any intention of actually granting an additional 30 days to dispute the debt. The inclusion of the second debt validation notice on the March 6, 2023 letter was merely the result of template error, and was never intended, as Defendant suggests, to expand or enlarge upon Plaintiff's rights under 1692g.

44.     Alternatively, if the Defendant intended to give the Plaintiff another opportunity to dispute the debt in the second letter, the Defendant rendered the first letter 1692g(a) statement false, when it stated that Defendant "will assume this debt is valid" if Plaintiff "did not notify Defendant within 30 days," that the Plaintiff disputes the validity of the debt.

45.     Defendant's action caused Plaintiff to suspect that there was fraud involved with this collection as it seems on tis face that the Defendant was seeking to collect the same debt twice.

46.     Defendant acted deceptively by overshadowing its own disclosures in providing a time frame to dispute or validate the debt by providing a limited-time settlement offer, in violation of 15 U.S.C. § 1692g(b).

47.     Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

48.     Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it makes "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

49.     By deceptively changing the reference number and changing the itemization date for the debt, Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

50.     Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

51.     By deceptively changing the reference number and the itemization date for the debt, Defendant violated 15 U.S.C. § 1692f.

52.     By sending both Letters, Defendant acted unfairly and unconscionably by overshadowing the rights granted to consumers during the validation period.

53.     Because Defendant's Letters are inconsistent and overshadow the Plaintiff's right to dispute the debt or request the name and address of the original creditor during the validation period, Defendant violated multiple provision of the FDCPA.

54.     Accordingly, Defendant's conduct violated multiple provisions of the FDCPA.

55.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

56.     Defendant's omissions and misrepresentations cause a negative shadow over its debt collection practice in general.

57.     When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

58.     This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

59.    The harms caused by Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

60.    As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

61.    For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

62.    Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

63.    Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to the collection of any consumer debt.

64.    Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

65.    In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

66.    Based on Defendant's failure to comply with the FDCPA, Plaintiff expended time, money, and resources to determine how to respond to Defendant's Letters.

67.    As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

68. Defendant's violations were material misrepresentations because they are likely to affect Plaintiff's choice or conduct regarding how to respond to an outstanding debt claim and are likely to mislead Plaintiff, who was acting reasonably under the circumstances.

69. Specifically, Defendant's careless, deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

70. Plaintiff was confused and misled by the statements in the Letters and relied on the contents of the Letters to his detriment.

71. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

72. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's demand for payment of this debt.

73. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

74. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of the law, the debt collector has harmed the consumer.

75. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

76. Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

77.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

78.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

79.    Defendant violated §1692e:

    a.    As each letter described above has statements that are open to more than one reasonable interpretation, at least one of which is inaccurate;

    b.    By requiring a response while also renewing the 30-day time period for which a consumer may dispute the debt;

    c.    By using different reference numbers on each Letter to refer to the same debt;

    d.    By using differing and inaccurate itemization dates on each Letter; and

    e.    By making misleading representations in violation of §1692e (10).

80.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

81.    Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

82.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

83.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

84.    Defendant violated this section by

a.  requiring a response while also renewing the 30-day time period for which a consumer may dispute the debt;

b.  using different reference numbers to refer to the same debt; and

c.  using confusing and differing itemization dates on each Letter.

85.  By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

86.  Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

87.  Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

88.  Pursuant to 15 USC §1692g:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1.  The amount of the debt;

2.  The name of the creditor to whom the debt is owed;

3.  A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4.  A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5.  A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

89.    Defendant violated 15 U.S.C. §1692g by using different reference numbers making it appear as it was collecting multiple debts.

90.    Defendant violated 15 U.S.C. §1692g by using different and improper itemization dates on each Letter.

91.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

92.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Eliezer Brody, individually and on behalf of all others similarly situated, demands judgment from Defendant Frontline Asset Strategies, LLC as follows:

a)      Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned as Class Counsel

b)      For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)      For statutory damages provided and pursuant to 15 U.S.C.  § 1692k(a)(2)(A);

c)      For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)      For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

e)      For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.


Dated: Hackensack, New Jersey
          November 20, 2023

Respectfully Submitted,


*/s/ Rami M. Salim*
By:  Rami M. Salim, Esq.
**Stein Saks, PLLC**
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
rsalim@steinsakslegal.com
*Attorneys for Plaintiff, Eliezer Brody*